UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| WHITESELL CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ELECTROLUX HOME PRODUCTS, INC., HUSQVARNA AB, and HUSQVARNA OUTDOOR PRODUCTS INC.,<br><br>    Defendants,<br><br>    and<br><br>SLIDEMATIC PRECISION COMPONENTS, INC.,<br><br>    Subpoena Respondent. | Case No. 3:18-cv-50104<br><br>Related Case No. CV 1:03-050-JRH, pending in the United States District Court for the Southern District of Georgia, Augusta Division |

**HUSQVARNA OUTDOOR PRODUCTS, INC.'S
MOTION TO QUASH SUBPOENA**

Husqvarna Outdoor Products, Inc. ("Husqvarna"), pursuant to Fed. R. Civ. P. 45(d)(3), respectfully moves this Court for an order quashing the attached subpoena to Slidematic, and in support, states as follows:

**Introduction**

Husqvarna is a Defendant in the underlying action pending in the United States District Court for the Southern District of Georgia.[1] The subpoena, attached as Exhibit 1, was served on counsel in the underlying case on March 8, 2018, and on Slidematic on March 9, 2018. Whitesell requests documents to be produced by March 22, 2018.

---

[1] Husqvarna consents to this motion and all matters related to this subpoena being transferred to the United States District Court of the Southern District of Georgia. *See* Fed. R. Civ. P. 45(f).

1

Husqvarna moves to quash the subpoena because it is overly broad, unduly burdensome and seeks information which is wholly irrelevant to the underlying case. Instead, this subpoena is being used by Whitesell to cause unnecessary burden, expense and harassment to Slidematic and the Defendants in the underlying litigation. Slidematic served its objections to the subpoena on March 21, 2018. A copy of those objections is attached as Exhibit 2.

**Background**

The underlying case, pending for over ten years, involves a supply contract between Plaintiff Whitesell and Defendants Husqvarna and Electrolux.[2] Plaintiff Whitesell was to provide certain parts to be used by Defendants in their manufacture of consumer products. The contract period was from 1/1/04 to 11/1/08. Whitesell alleges in its lawsuit that Defendants breached the contract by failing to transition certain parts and purchasing those parts from other suppliers during the contract period. Defendants allege that any such purchases from other suppliers were caused by Whitesell's own conduct, e.g. not being in a position to supply the parts and threatening to cut off supply of parts. The Court in the underlying lawsuit found the supply contract too vague to be enforceable as to the scope of parts and limited the parts in suit to four enforceable part categories. The relevant category here is the parts purchased in the Parties' course of performing the contract ("COP parts"). Whitesell stipulated that it would only seek damages for COP parts that included purchases from one of 7 stipulated suppliers during the contract period: Martin Industrial Supply, Northern Wire, QSN, Bamal Fastener, Brico, Tesa Tape, and Henkel. Slidematic is not one of the stipulated suppliers. Defendants have provided

---

[2] While Electrolux does not believe that Slidematic supplied any indoor parts to it at any time from 2000-2010 and that all parts supplied by Slidematic were outdoor parts supplied to Husqvarna (and the Electrolux outdoor division that spun-off and became Husqvarna), Electrolux has been contacted regarding this motion and consents to it.

Whitesell with voluminous amounts of part purchase and usage data for the COP parts in the underlying case.

### Argument

Through the attached subpoena, Whitesell seeks from Slidematic all documents evidencing sales to Defendants from 1/1/01 to 12/31/10, including part numbers and pricing. This subpoena is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in the underlying case. Whitesell's request is overly broad in that it seeks information for time periods both before and after the contract period at issue. Moreover, Slidematic is not one of the 7 stipulated suppliers; therefore, only parts purchased from one of the stipulated suppliers and Slidematic during the contract period would be COP parts. The data produced by Defendants to Whitesell in the underlying litigation shows that Defendants did not purchase any of the COP parts from Slidematic during the contract period. Therefore, any data produced by Slidematic would be for periods outside the contract period and would likely contain only parts that are not at issue in the underlying litigation. This subpoena is merely a fishing expedition by Whitesell, seeking to cause undue burden, expense and harassment to Defendants and Slidematic. Accordingly, this subpoena should be quashed.

### Conclusion

For the reasons set forth above, Husqvarna respectfully requests that its motion to quash subpoena be granted.

Dated: March 22, 2018

Of Counsel:

R. Perry Sentell, III
Joseph H. Huff
Laurel Payne Landon
Kilpatrick Townsend & Stockton LLP
Enterprise Mill
1450 Greene Street, Suite 230 (01)
Post Office Box 2043
Augusta, Georgia 30903-2043
T (706) 823-4260
E psentell@kilpatricktownsend.com
E jhuff@kilpatricktownsend.com
E llandon@kilpatricktownsend.com

James M. Brogan
Matthew A. Goldberg
Brian J. Boyle
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103
T (215) 656-3300
E james.brogan@dlapiper.com
E matthew.goldberg@dlapiper.com
E brian.boyle@dlapiper.com

*Counsel for Defendants Husqvarna AB and Husqvarna Outdoor Products Inc.*

Respectfully submitted,

HUSQVARNA OUTDOOR PRODUCTS, INC.

By: /s/ Joseph A. Roselius
       One of its attorneys

Joseph A. Roselius
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
T 312.368.7034
E joseph.roselius@dlapiper.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2018, I served a copy of the foregoing **Husqvarna Outdoor Products Inc.'s Motion to Quash Subpoena** on counsel of record by electronic mail to:

Faith E. Gay, Esq.
Yelena Konanova, Esq.
Selendy & Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
E fgay@selendygay.com
E lkonanova@selendygay.com

Hal Leitman, Esq.
Rountree & Leitman LLC
Building B, Suite 100
2800 North Druid Hills Road
Atlanta, GA 30329
E hleitman@randllaw.com

*Counsel for Whitesell*

Edward J. Sedlacek, Esq.
Huck Bouma, PC
1755 S. Naperville Road
Suite 200
Wheaton, IL 60189
E esedlacek@huckbouma.com

*Counsel for Slidematic*

Kyle G.A. Wallace, Esq.
E. Bowen Reichert Shoemaker, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
E kyle.wallace@alston.com
E bowen.shoemaker@alston.com

*Counsel for EHP*

      /s/ Joseph A. Roselius